**E-FILED on** 11/16/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROGER M. LEVIN,<br><br>  Plaintiff,<br><br>  v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA; and DOES 1 to 10,<br><br>  Defendants. | No. C-09-2869 RMW<br><br>ORDER DENYING MOTION TO REMAND<br><br>**[Re Docket No. 8]** |

   Plaintiff's motion to remand came on for hearing before the court on August 28, 2009. Defendant opposes the motion. Having considered the papers submitted by the parties and the arguments of counsel, and for good cause appearing for the reasons set forth below, the motion is denied.

   Plaintiff filed suit in Santa Clara County Superior Court to enforce a contract, specifically a mediation agreement. Defendant removed the action on the basis of diversity jurisdiction. Plaintiff now seeks an order remanding the action, contending that removal was improper because the contract's enforcement clause requires litigation in Santa Clara County Superior Court. That clause provides as follows:


"Either party may enforce this agreement in Santa Clara County Superior Court pursuant to CCP Section 664.6."

The dispositive issue is whether the enforcement clause quoted above is mandatory, requiring litigation to be brought only in Santa Clara County Superior Court, or instead permissive, which would allow removal to federal court. This is a matter of contract interpretation. *Northern Cal. District Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034 1036 (9th Cir. 1995). To be mandatory, the clause must contain language that clearly designates the forum as the exclusive one. *Id.* Applying this standard to the clause at issue in this case, the court finds that the clause is not mandatory. By its terms, the clause authorizes either party to seek enforcement in the Superior Court of Santa Clara County, pursuant to the motion procedure set forth in CCP §664.6, but nothing within its scope can reasonably be interpreted to "clearly designate" that forum as the exclusive one. Removal was proper.

Accordingly, the motion to remand is denied.

DATED:  11/13/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Joseph Hoffman, Esq.
Email: hoffman@whcrlaw.com

Melvin Joseph Hoffman
Email: Hoffman@whcrlaw.com

**Counsel for Defendants:**

William Bernard Reilly
Email: w_reilly@rimacmartin.com

Anna M. Martin
Email: annamartin@rimacmartin.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   11/16/09                                         TER
                                                              **Chambers of Judge Whyte**

ORDER DENYING MOTION TO REMAND—No. C-09-2869 RMW
TER                                                           3