**United States District Court**
For the Northern District of California

**E-FILED on** 3/8/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROGER M. LEVIN,<br><br>    Plaintiff,<br><br>    v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA; et al.<br><br>    Defendants. | No. C-09-2869 RMW<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO COMPEL MEDIATION AND DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT<br><br>**[Re Docket No. 30]** |

Plaintiff Roger M. Levin ("Levin") moves to compel contractual mediation. Defendant UNUM Life Insurance Company of America ("UNUM") opposes the motion and seeks summary judgment on the basis that plaintiff has waived his right to mediate. The motions came on for hearing before the court on March 5, 2010. Having considered the papers submitted by the parties and the arguments at the hearing, and for good cause appearing for the reasons set forth below, the court denies both motions without prejudice.

Through this action, plaintiff seeks specific performance of a contract, specifically, an agreement to mediate an underlying dispute arising out of defendant's denial of plaintiff's 1996 claim for disability benefits. Plaintiff had filed a state court lawsuit over the denial of benefits, and the

parties settled that suit in 2000 by agreeing to mediate. It took until 2002 before the agreement was reduced to writing and executed by the parties. Plaintiff thereafter waited until late 2008 before seeking to take the deposition of defendant's person most knowledgeable regarding the handling of the disability claim, an event that both parties appear to agree was to be noticed by plaintiff before mediation would occur. When defendant asserted that no such witness remained available, plaintiff filed the present action, seeking to compel specific performance of the mediation agreement. Plaintiff now brings the present motion to compel mediation and defendant opposes the motion, and seeks summary judgment, on the ground that plaintiff's delay in seeking to enforce the agreement caused it prejudice and constitutes a waiver.

      The court is not willing to compel mediation on the present record. Defendant has asserted various defenses, including invalidity and unenforceability of the agreement primarily related to what appears to be unreasonable delay in seeking mediation. Defendant, however, has put forth only very conclusory evidence in an attempt to establish that it has been prejudiced as a result of the delay. Without a stronger factual showing to establish what harm, if any, has resulted from the delay, the court is not prepared to grant summary judgment in defendant's favor. On the other hand, the court is not prepared to order mediation given the lengthy delay and the lack of a satisfactory explanation for the delay. Accordingly, both motions are denied without prejudice at this time.

      The parties are hereby ordered to meet and confer within 15 days regarding case management and to submit to the court no later than March 26, 2010 a proposed case schedule, including a date for a hearing at which it will be determined whether the agreement should be specifically enforced or whether the delay has been such that plaintiff has waived his right to mediation or is otherwise estopped from now asserting a right to mediate.

DATED:    3/8/10

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO COMPEL MEDIATION AND DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT—No. C-09-2869 RMW
TER    2

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Joseph Hoffman    hoffman@whcrlaw.com

**Counsel for Defendants:**

William B. Reilly    w_reilly@rimacmartin.com
Anna M. Martin    annamartin@rimacmartin.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**  3/8/10               TER
                                 **Chambers of Judge Whyte**